OPINION
{¶ 1} Defendant, Harvey Jones, appeals from the judgment of the common pleas court overruling his "motion to vacate unconstitutional sentence."
 {¶ 2} Pursuant to a negotiated plea agreement, Defendant entered pleas of guilty to one count of aggravated burglary and one count of attempted rape. In exchange, the State dismissed abduction, felonious assault and rape charges that were pending. On October 18, 2002, the trial court sentenced Defendant to the maximum allowable prison terms of ten years for aggravated burglary and eight years for attempted rape, to be served concurrently. On direct appeal we affirmed Defendant's conviction and sentence. State v. Jones (Sept. 12, 2003), Montgomery App. No. 19611, 2003-Ohio-4841.
 {¶ 3} On June 21, 2005, Defendant filed a motion to "vacate his unconstitutional sentence." Relying upon Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, Defendant argued that his Sixth Amendment right to a jury trial on facts relied upon to enhance a sentence was violated when the trial court imposed greater than minimum sentences and maximum sentences based upon judicial findings the trial court made pursuant to R.C. 2929.14(B) and (E)(4) that were neither found by a jury nor admitted by Defendant. On October 3, 2005, the trial court overruled Defendant's motion to vacate his sentence.
 {¶ 4} Defendant timely appealed to this court from the trial court's judgment overruling his motion to vacate his sentence.
ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT OVERRULED HIS MOTION TO VACATE SENTENCE IN VIOLATION TO HIS CONSTITUTIONALLY GUARANTEED RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION."
 {¶ 6} Defendant argues that his greater than minimum and maximum sentences based upon judicial findings the court made pursuant to R.C. 2929.14(B) and (E)(4), but were neither found by a jury nor admitted by Defendant, violated his Sixth Amendment right to jury trial per Blakely v. Washington, supra. The State responds that since Blakely did not create new law but merely applied existing law established in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, Defendant's failure to timely raise this issue at or before his original sentencing hearing on October 18, 2002, constitutes a waiver of this issue for appeal purposes, citing our previous decision in State v. Cressel (April 29, 2005), Montgomery App. Nos. 20337 and 20348, 2005-Ohio-2013.
 {¶ 7} While this appeal from the trial court's decision overruling Defendant's motion to vacate his sentence was pending, and before the parties filed their respective briefs, the Ohio Supreme Court held in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, that certain provisions of Ohio's felony sentencing scheme, including those that require judicial findings before imposing greater than minimum sentences and maximum sentences, R.C. 2929.14(B), (E)(4), are un-constitutional because they violate a defendant's Sixth Amendment rights per Blakely v.Washington, supra. Therefore, a sentence imposed on a R.C.2929.14(B) or (E)(4) finding by the trial court is unconstitutional and must be reversed. Further, reversal and resentencing is required in any case in which such a sentence was imposed and that was pending on direct review when Foster was decided. Id. at ¶ 104; State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855. In light of the holding in Foster, trial courts now have full discretion to impose any sentence within the applicable statutory range and are no longer required to make findings or give their reasons for imposing more than a minimum sentence, maximum sentences, or consecutive sentences. Foster;Mathis.
 {¶ 8} Defendant is not entitled to the relief he seeks in this case, resentencing to the minimum authorized prison terms. Defendant was sentenced several years before Foster was decided. Furthermore, Defendant's case is not and was not pending before this court on direct review at the time Foster was decided. Thus, Foster does not apply to this case, and reversal and remand for resentencing is not required.
 {¶ 9} As a practical matter, we note that the holding inFoster gives the trial court greater discretion in sentencing than it had before, because the court is no longer required to justify or explain its sentence by making findings or giving reasons in order to impose more than a minimum sentence, maximum sentences, or consecutive sentences. Accordingly, we believe it is unrealistic that the trial court, now possessing greater sentencing discretion, would impose a lesser sentence on remand. Except when a maximum sentence has already been imposed, the trial court is free to impose an even greater sentence on remand.Mathis, supra. Consequently, even if Foster applied to Defendant's sentences, which it does not, reversing his maximum sentences and remanding for resentencing would not likely result in any benefit to Defendant.
 {¶ 10} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. And Donovan, J., concur.